BEHLES v. BLUM et al. (No. 5562.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 5, 1916. Rehearing Denied Feb. 2, 1916.)

APPEAL AND ERROR ⟨⟩1002—REVIEW—VERDICT.

Where the conditions under which an architect was to receive compensation for drawing plans were in dispute, a verdict on conflicting evidence will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. ⟨⟩1002.]

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by Ernest P. Behles against Max Blum and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Templeton, Brooks, Napier & Ogden, and Reagan Houston, Jr., all of San Antonio, for appellant. W. H. Kennon, of San Antonio, for appellees.

CARL, J. Appellant sued Max Blum and Mrs. William Flaxman to recover fees for drawing plans and specifications for a house to be erected for Mrs. Flaxman. He alleged that he was to have, by agreement, 3½ per cent. on an arbitrary cost of $8,000 and that, when it was found that the house designed could not be erected for that figure, they agreed that he should draw another set of plans for which he was to receive $124.38. Max Blum was the agent of Mrs. Flaxman, his sister, and carried on the negotiations with appellant. The defendants contended that it was a part of the contract that the building was to cost not to exceed $8,000, including the architect's fees; that appellant, when it was found that it would cost $10,-500, not including architect's fees, to erect the building, agreed to draw another set of plans which would bring it within the total cost of $8,000; but that he did not finish this second set of plans; and that they would have called for an expenditure exceeding $8,-000. The case was submitted on special issues and the jury found that appellant was to be paid 3½ per cent. on an arbitrary cost of $8,000, but that, as a part of that contract, appellant agreed that the total cost should not exceed $8,000. The jury also found that, while appellant was to have $124.-38 for drawing the second set of plans, still the maximum limit of $8,000 in the cost was to obtain, and that the building so designed by the second plans could not have been constructed for that sum. They further found that the second set of blueprints were never completed. It was admitted that the building as designed would have cost $10,500.

In regard to the first plans, the essential thing is whether appellant agreed to design a house that would not exceed in cost $8,000, notwithstanding the fees were based upon an arbitrary basis of $8,000, and this the jury found he did agree to do. And it was found that $2,500 was a material variation. And so with reference to the second set of plans, for the jury found that the cost was there limited to $8,000, which the plans did not meet.

There is no dispute as to how much appellant was to receive, but there is a serious disagreement as to the conditions under which he was to receive same. The jury has determined that the plaintiff did not meet those conditions, and that is an end of the matter.

We find no error calling for a reversal, and the judgment is affirmed.